## MARY YOUNG ET AL MARY A. WATSON.

**Husband and Wife—Agreed Separation—Consideration.**

> A stipulated payment, in consideration of an agreed separation between husband and wife, is binding on the wife, and precludes her from setting up a claim against her deceased husband's estate.

**Same—Demurrer.**

> The allegations in a petition, setting out an agreement of separation between husband and wife, showing a stipulated sum paid in consideration, is not demurrable.

APPEAL FROM BRACKEN CIRCUIT COURT.

September 25, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

Appellee an testator were married as early as 1845, in February 1847 they entered into articles of separation, she acting through the agency of two selected friends as her trustees. In which they agree from that time during the remainder of their lives to remain separated, and then mutually and respectively surrendered all rights growing out of their marriage. And in consideration of two hundred dollars· paid down by said testator to appellee's trustees, they covenanted for her, she joining therein, that she would forever release all claim to dower, and all claim to a support which she then had or might thereafter have on him, or his estate.

The causes which produced this domestic calamity are unexplained in this record, nor is it important that they should be, they were sufficient however, in the opinion of the parties to lead to an endless separation, for although the testator lived more than twenty years afterwards, no reconciliation ever took place. This peaceful seperation may have been effected to avoid a litigation between these parties, which would have resulted in even greater calamities. But be that as it may, a separation did take place in the manner, and with the formalities herein described, in which appellee was provided for as well, perhaps, as the pecuniary condition of testator would then allow, and as well or better, it may be, than the court would have done in a litigation

between them. And in consideration thereof she relinquished all claim to dower, and to her distributable share of his estate, and the parties acted upon this agreement for more than twenty years and up to the death of one of them. These facts in the answer present a good defense to the action and the demurrer to the answers was improparly sustained.

*Loud vs. Loud, 4 Bush, 453,* and authorities there cited. Wherefore the judgment is reversed, and the cause is remanded with directions to overrule the demurrer to the answers and for further proceedings consistent herewith.

*John B. Clark, for appellant.*