## Hattie E. Burns v. S. F. Roberts.

**Husband and Wife—Contract of Separation—Evidence of Ownership of Property.**

Where a husband and wife agree to separate, and where a suit for divorce is pending between them, and they enter into a written contract, giving the wife certain personal property, which is delivered to her, she has good title to such property, and such contract may be introduced in evidence to prove her title.

**Bidder at Public Sale of Personalty.**

Where one bids in personal property at a public sale and makes a small payment thereon, and turns it over to the auctioneer to hold a day or two until he completes payment, but fails to complete such payment, such property may be resold at public sale at the instance of the creditor who first had it sold, and if sold for less than the balance due on the first sale such creditor may collect from such first buyer the difference between the sum of the first sale and the second sale.

APPEAL FROM KENTON CIRCUIT COURT.

March 2, 1877.

OPINION BY JUDGE ELLIOTT:

In 1874, becoming dissatisfied with his wife, Hattie, the appellant, Thomas Burns, brought a suit against her in the Franklin Circuit

Court for a divorce. The appellant answered the suit and denied her husband's right to a divorce.

It is stated in this record that it became very evident that Burns and appellant were to have a protracted litigation and one that would be creditable to neither of them, and as there was no hope of a reconciliation, they, in the summer of 1874, agreed to separate, and also agreed upon a division of their property.

In pursuance of this understanding they applied to a lawyer, who drew up the contract of separation. By this contract it was stipulated that appellant and her husband were to separate and live no more together, and that she should remove and for the future reside at least fifty miles from Frankfort. This separation was to take place immediately, and in consideration thereof Thomas Burns, the husband, by the writing, transferred the appellant certain household furniture, including the piano and other property involved in this suit. By this agreement the husband invested his wife, in consideration of their immediate separation, with the absolute title to the property in dispute, free from any control by him, and consequently she held the property as her separate estate.

Her husband not only transferred the property to appellant, but he actually delivered it to her and assisted her to place it in a wagon to be hauled to the railroad depot to be transported to Covington, where she had decided to reside for the future. This property appellant took to Covington, where she settled and began housekeeping, but desiring to dispose of the piano and other articles in dispute in this suit she procured the service of an auctioneer, who, after advertisement, sold the same at public outcry, and the appellee became the purchaser. After his purchase appellee took the piano key, locked the piano, and asked the auctioneer to remove it and the other articles purchased to his office and promised to call and pay for them in a day or two, and paid at the time ten dollars and fifty cents.

Appellee having failed to pay for and take away the purchased articles according to promise, appellant called on him for the purchase price, and he declined to pay it. She thereupon called on the auctioneer and asked him to resell the property as the property of appellee, to pay the purchase price, and to notify him that he had better attend the sale, for if the property failed to bring the amount he owed her for it she would look to him for the balance. The auctioneer, as directed, resold the property, and it failed to bring the price bid for it by appellee on the first sale by about $130.50 and for this amount this action was instituted.

The proof is that the last sale was made after advertising the property, and that a large crowd was present at the sale, the terms of which were similar to those of the sale at which appellee had previously purchased the same property. On the trial of the cause the appellee offered as evidence the written agreement by which Thomas Burns had transferred to her the property in dispute, which, on appellee's objections, were refused. She also offered to read the deposition of W. H. Sneed to prove the execution and delivery of the written agreement of separation by Thomas Burns to her, which, on appellee's objection, was refused, and to these rulings the appellant excepted.

This court held in the case of *Hiram (of color) v. Griffin,* 8 Bush 262, that a contract by the husband, by which he conveyed certain property to his wife in consideration of an agreement for immediate and continued separation, was valid and binding, and invested the wife with a separate estate in the property delivered to her by virtue of the terms of separation. And such a contract of separation is held valid in *Loud v. Loud,* 4 Bush 453.

It seems that appellant and her husband immediately ceased to live together after the execution of the articles of separation, and that she took the property delivered to her by her husband to Covington, where she has ever since resided.

We are of opinion that the court erred both in sustaining the appellee's objection to the reading of Sneed's deposition, as well as the agreement of separation between appellant and husband to the jury. And we are also of opinion that if the property in dispute was delivered to appellant by her husband in pursuance of the written agreement of separation executed by them, which was immediately consummated by a final separation between them, the appellant acquired an indefeasible title to it.

We are also of opinion that if the appellee purchased the property at public auction and put it in possession of the auctioneer to keep a day or two, at which time he promised to pay therefor, and that he failed to do so, and appellant, after waiting a reasonable time for payment, ordered a resale of the property, and the appellee was notified thereof, and on a resale the property failed to bring the price appellee agreed to give on the first sale, the appellant is entitled to recover the balance of her claim against appellee after deducting the sum realized by the resale of the property.

Wherefore the judgment is *reversed* and cause remanded for further proceedings in conformity with this opinion.

*Fisk & Fisk, for appellant.    Benton & Benton, for appellee.*