## Hayden v. Hayden.

(Decided June 22, 1926.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1. **Husband and Wife.**—Contract between husband and wife settling their property rights, or adjusting wife's claim for alimony and maintenance, when free from fraud or duress of husband, is binding and enforceable.

2. **Parent and Child.**—A father is bound to support his infant child, and cannot contract against such liability.

3. **Divorce.**—Allowance of $35.00 per month for support of child and $15.00 alimony to wife held proper, where husband earned $150.00 per month.

CHARLES CARROLL and JOSEPH M. LEE for appellant.

ECTOR S. LAWSON and H. A. I. ROSENBERG for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant and appellee were husband and wife until divorced by judgment on October 24th, 1925. To them was born a son, Louis C. Hayden, Jr., who is now about four years of age and in the custody of his mother. The suit as originally instituted prayed judgment against appellee for "alimony and maintenance and support for herself and the infant child of the plaintiff and defendant in the sum of $75.00 per month." No divorce was asked. By amended petition she prayed divorce from the bonds of matrimony. Pending the litigation the court made allowance out of the estate of the husband for support and maintenance of the wife and child. He filed answer in which, after denying a part of the affirmative averments of the petition as amended, averred that on November 13, 1922, following the commencement of this action, the plaintiff and he made and entered into an agreement whereby the defendant agreed to pay and the plaintiff agreed to accept the sum of $16.00 monthly in full satisfaction and settlement of the relief prayed for in her original petition herein, i. e., temporary and permanent alimony and maintenance for the support of herself and said infant child, and that in pursuance to the terms of said agreement the defendant has paid regularly, and the plaintiff has accepted the stipend therein agreed upon.

That agreement was reduced to writing and put in the form of an agreed order, signed by the parties and by their respective counsel and entered on the order book of the Jefferson circuit court, and reads:

"Comes the plaintiff, in person and by counsel, and the defendant in person, and it is agreed between the parties hereto that the defendant shall pay to the plaintiff the sum of sixteen dollars per month, as temporary and permanent support and maintenance for the plaintiff. and the infant child of the plaintiff and the defendant, said payment to be made on the 15th day of each and every month."

The chancellor held the agreement valid and binding and that the appellant "is not entitled to recover of defendant any sum in excess of sixteen dollars per month as alimony;" and further held "that said contract is not valid and binding so far as it attempts to fix the amount that should be paid by the defendant for the support and maintenance of the infant child of the plaintiff and defendant Louis C. Hayden, Jr." Judgment was entered for $50.00 per month in favor of the wife, with this provision, "of which sum $15.00 per month is adjudged to plaintiff as alimony, and $35.00 per month is to be paid her for the support and maintenance of their infant child above named. The amount paid plaintiff for the maintenance and support of said child to be continued until further orders of the court."

She prosecutes this appeal insisting that the contract entered into by her and her husband in November 13, 1922, was not valid and binding because obtained through fraud and duress, and that she is entitled to recover a larger sum in alimony. The chancellor in a well considered opinion reviewed a number of Kentucky cases upon the subject of contracts between husband and wife settling their property rights and adjusting claim for alimony and maintenance, and reached the conclusion that a contract between husband and wife as to property rights or alimony, if fairly made, in contemplation of an immediate separation, or of a continuance of a separation already existing, is valid and binding. In reaching this conclusion the court made the following finding of fact:

"There is nothing in this record to show that there was any fraud or deception practiced upon

plaintiff in obtaining the agreement of November 13, 1922. . . .

· · · "The contract was signed by plaintiff and by her counsel, and if she was competent to make such contract, I take it that it cannot be attacked in this collateral manner. . . .

"But with respect to the support of the child, I do not think that any agreement of the parties can deprive the court of the power to require the child's father to support it in an adequate manner."

In the case of Branch v. Branch, 30 Ky. Law Rep. 417, 98 S. W. 1004, where the wife was trying to avoid a contract made between her and husband settling their property rights, this court said:

"Contracts like the one involved in this case, when free from fraud and overreaching on the part of the husband and when fairly made and understandingly entered into, will be upheld."

In Parsons v. Parsons, 23 Ky. Law Rep. 223, 62 S. W. 719, the wife made a contract with her husband setthing her property rights and her claim for alimony; the court held the contract binding upon the wife, inasmuch as it was fairly made and contravened no public policy. Many other cases of like import might be cited, but the following will suffice to prove the established rule: Loud v. Loud, 4 Bush 453; Gaines, Admr. v. Poor, 3 Metcalfe 503; Simpson v. Simpson, 4 Dana 140.

A contract made between husband and wife settling their property rights, or adjusting a claim of the wife for alimony and maintenance, when free from fraud, duress or overreaching on the part of the husband, is binding and enforceable on both parties. The chancellor found the contract involved in this case to have been fairly and understandingly made on the part of both parties and that the wife is bound thereby to the extent of her claim for alimony. Certainly the husband is bound to support his infant child and cannot contract against such liability; public policy will not permit it. While the chancellor could not increase the alimony to the wife in violation of the terms of the agreement, he could and did make allowance to the infant child payable by the husband, raising the whole allowance to $50.00 per month. The facts justified it. Inasmuch as he was earning only about $150.00

per month as a fireman on a locomotive, it is impossible to say that the allowance is inadequate or greatly out of proportion to the needs of the wife and child in their station of life.

Judgment affirmed.