## Commonwealth of Pennsylvania, Reckefus, Appellant, *v.* Reckefus.

*Parent and child—Support—Order of support—Act of April 13, 1867, P. L. 78.*

A petition of a minor child, by his mother and next friend, for order of support against his father, under the Act of April 13, 1867, P. L. .78, is not the same as a proceeding by the mother, now divorced from the father, in her own right and name, for the increase of an award for the support of the child made when the divorce was granted.

In such proceeding the petition of the minor is entitled to a hearing, notwithstanding other orders which may have been made on petitions by his mother.

Argued November 21, 1927. Appeal No. 232, October T., 1927, by plaintiff from judgment of Municipal Court of Philadelphia County, December T., 1920, No. 2223, in the case of Commonwealth of Pennsylvania and Irma M. K. Reckefus v. Samuel S. Reckefus. Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ. Reversed.

Petition by minor for order of support against parent. Before Brown, J.

The facts are stated in the opinion of the Superior Court.

The Court dismissed the petition for the reasons noted in the opinion of the Superior Court. Petitioner appealed.

*Error assigned,* among others, was the decree of the Court.

*Henry L. Schimpf, Jr.,* and with him *William A. Carr* and *Sidney L. Krauss,* for appellant.

*Clinton A. Sowers,* and with him *Frederick Beyer,* for appellee.

OPINION BY KELLER, J., December 15, 1927:

On May 25, 1920, Irma Reckefus, wife of the defendant, presented her petition to the Municipal Court for an order on her husband, Samuel S. Reckefus, for the support of herself and their minor son, Samuel S. Reckefus, Jr. At the hearing it appeared that she had instituted proceedings in divorce against her husband and was receiving thirty dollars a week maintenance under order of the court having jurisdiction of the suit in divorce. The Municipal Court on December 16, 1920, ordered the defendant to pay his wife three dollars a week for the support of the minor child.

On January 22, 1924, a stipulation was filed in the Municipal Court providing that the amount to be paid by the defendant for the maintenance and support of his minor child should be increased from three dollars to seven and a half dollars a week. This was done in pursuance of an agreement entered into between Reckefus and his wife fixing a lump sum to be paid her by way of alimony on the granting of her divorce and agreeing to pay her the sum of seven and a half dollars a week for the care and maintenance of the child for a period of ten years. The court, on February 7, 1924, increased the order to seven and a half dollars in conformity with the stipulation. The parties were subsequently divorced.

On September 13, 1926 Irma Reckefus presented a petition to the Municipal Court praying to have the amount payable to her for the care and maintenance of her son increased from seven and a half dollars to twenty-five dollars a week. At the hearing which followed it was shown that the child was in poor health,

requiring medical and surgical attention, and that the father was in receipt of a yearly income of $15,000, nearly double his income at the time the order of seven and a half dollars a week was entered. The Court (WALSH, J.) dismissed the petition on September 30, 1926.

On December 4, 1926, Irma Reckefus presented a petition to the said court setting forth the circumstances of her child's ill health and of the defendant's employment and yearly salary in more detail and praying for a rehearing, which was granted, and after hearing testimony which established the child's poor health and the defendant's employment at $15,000 a year, on February 18, 1927, the petition was again dismissed. No opinion was filed in connection with either of the orders dismissing the petitions to increase the order of support.

On March 8, 1927, the petition of the child, Samuel S. Reckefus, Jr., then eight and a half years old, by his mother and next friend, Irma K. Reckefus, was presented setting forth his ill health, the incurring of medical and surgical bills on his account, which his mother was unable to meet, the comfortable circumstances of his father, with a salary of $15,000 a year and other private means, and the insufficiency for his support of the sum of seven and a half dollars per week, which his father was paying his mother pursuant to the order above referred to, and praying for an order of support sufficient for his proper care and maintenance, compatible with his father's means and financial ability.

At the hearing ensuing on this petition the ill health of the child and the incurring of necessary medical and surgical bills in consequence were again established and it was proved that the father was then in receipt of a salary of $15,000 a year, and that the mother was practically without means.

The petition was dismissed on the ground that "the

cause having been so recently heard before Judge
WALSH and determined by Judge WALSH and the cir-
cumstances not having changed in any particular since
that hearing, it is not deemed advisable to change at
this time the decision previously rendered.''

The learned judge apparently overlooked the fact,—
it was probably not specially called to his attention, for
it was not, in this court,—that, unlike the preceding
petition this was not an application by the divorced
wife for an increase of the amount payable to her for
her son's care and maintenance, but a petition by a
minor child of the defendant acting by his next friend,
under the Act of April 13, 1867, P.L. 78, and its amend-
ments, to secure from his father an adequate amount
for his comfortable maintenance and support; that it
was on a different footing from the two last prior ap-
plications and was entitled to a hearing and decision
on its merits unaffected by the disposition of his
mother's applications for increase of the amount pay-
able to her.

Irma Reckefus is no longer the wife of the defendant.
She has no individual claim for support against him
and on the face of affairs seems to have agreed that she
would not claim from her former husband for her son's
support more than the seven and a half dollars a week
which he has been paying her for that purpose. It was
probably on this ground that the judge of the Municipal
Court, who passed on her applications for increase of
this amount, dismissed her petitions; for we can con-
ceive of no other ground for such action. Certainly
seven and a half dollars per week is not an adequate
sum for the comfortable maintenance and support of a
sick and weakly boy, requiring medical care and atten-
tion, where his father is in receipt of a yearly income
of $15,000. Irrespective of the legality, as between
themselves, of the agreement entered into between this
mother and her then husband, she could not by such
action tie her child's hands or prevent him from hav-

ing recourse to the remedies against his father which the law afforded to one in his situation; nor relieve the father of his parental obligations to the boy: Henkel's Est., 13 Pa. Superior Ct. 337, 343; Com. ex rel. Manning v. Manning, 89 Pa. Superior Ct. 301,305; Wright v. Leupp, 70 N. J. Eq. 130, 62 Atl. 464; Hayden v. Hayden, 215 Ky. 299, 284 S. W. 1073; Ahrens v. Ahrens, 169 Pac. 486 (Okla.).

The first and fourth assignments of error are sustained and the order is reversed. In view of the statement made at the bar of the court, that since the last hearing the defendant's income has been materially reduced, the record is remitted to the court below for further hearing and decision. The court need not hear evidence as to the maternity or paternity of the child. Those matters are res judicatae: Com. v. Bednarek, 62 Pa. Superior Ct. 118; having been adjudicated in the order of December 16, 1920, which was not appealed from: Com. v. May, 77 Pa. Superior Ct. 40; Com. v. Knobloch, 89 Pa. Superior Ct. 216. The hearing should be confined to the condition, needs and necessities of the child and the circumstances and financial condition of the father.

Order reversed, etc.