## Commonwealth ex rel. Goessler *v.* Bernstein, Appellant.

Argued April 27, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Harry Shapiro*, with him *Harold J. Conner*, for appellant.

*Francis X. McClanaghan,* for appellee.

OPINION BY KENWORTHEY, J., May 8, 1942:

This is a habeas corpus proceeding involving the custody of a nine year old girl. The contestants are her mother and father. After a hearing the child was awarded to the custody of the father. The mother has appealed.

Although we import much weight to the conclusion of the learned court below who saw and heard the parties and witnesses, it is our duty to reach an independent conclusion from the evidence; our duty is not ended with a determination that there is evidence to support the order. Act of July 11, 1917, P. L. 818, Sec. 1, 12 PS 1874; *Com. v. Mauch, Betz Appeal,* 91 Pa. Superior Ct. 220, 222. And the Act of June 26, 1895, P. L. 316, Sec. 2, 48 PS 92 provides that in awarding custody of a child to a parent "regard first [should be] had to the fitness of such parent and the best interest and permanent welfare of said child". *Hixon's Appeal,* 145 Pa. Superior Ct. 33, 20 A. (2d) 925.

The fitness of both parents is conceded. The sole question is: What order will serve the best interest and permanent welfare of the child?

The parents were married in 1931, separated in 1936, divorced in 1940, and the mother remarried soon after the divorce. At the time of separation the child remained with the father for a little over a year. In October 1937 the mother, apparently not satisfied with the child's environment, took the child to live with her although she was at the time living in a one room apartment with her sister and niece because of inadequate funds and her low earning capacity. The arrangement was unsatisfactory and after three months she returned the child to the father. In August 1941 the mother took the child for a week's visit and refused to give her up until the order of the court which was entered on October 7, 1941.

While in the custody of the father the child was

cared for almost exclusively by a Mrs. Schmidt, whose fitness is, likewise, not seriously challenged. Mrs. Schmidt lived with her husband in a three-story house, on the first floor of which Mr. Schmidt conducted a barber shop. The kitchen and dining room were also on the first floor. The Schmidts slept in one room on the second floor and rented the other on this floor to a Mr. and Mrs. Murray. The father and child lived in one room on the third floor until the spring of 1941 when the tenant of the other room on this floor died. Thereafter the child occupied the front and the father the rear room on the third floor. The only bathroom of the house was on the second floor although there was an out-house in the yard used in common by all the occupants of the house and the customers of the barber shop. The child took all her meals with the Schmidts. The father ate his meals at a restaurant in the neighborhood. The father was a WPA worker earning $89.70 per month, he was away at work all day and was able to see the child only during the evenings between 6:30 and 9 o'clock.

Speaking of the mother the court below in its opinion said: "There is no doubt of her present ability to rear the child with proper care and adequate comfort, or that she is devoted and loves her daughter as a mother should, or the good character of her present husband, Benjamin Bernstein, and his willingness to rear (or even adopt) Alberta". Bernstein is the manager of a dress factory who has worked for the same concern for upwards of eighteen years and who earns $65 per week. In October 1941 he bought for his family a new home at 1448 Elbridge St., in a desirable suburban community. The house has three bedrooms, two baths and a playroom. As its mistress, the mother would be at home all the time required for the care of the house, of this child, and of a second child born in January, 1941.

When we compare the two environments which are now open to this child we are all of the opinion the mother is in a better position to give to her a greater quantity of care and attention and that this order must be reversed.

In reaching this conclusion we are not devoid of a certain amount of sympathy for Mrs. Schmidt who has had the major responsibility for the care of the child for some years. The contest is, in part at least, between her and the mother. But the growing jealousy between them and the resulting burden it has imposed on the mother's attempts to visit the child are an additional reason for the conclusion we have reached.

The opinion of the lower court indicates it was influenced somewhat by the feeling that the mother had abandoned the child when she returned her to the father and by an alleged agreement by the mother made when she sought her divorce that if the father would not contest it he could keep the child. The mother offered an explanation which, if believed, was a valid one. See *Wanner v. Williams*, 117 Pa. Superior Ct. 59, 177 A. 329. But we brush these considerations aside as we hew to the line of the single inquiry before us in cases of this kind. As Judge CUNNINGHAM said, in *In re: Custody of Minor Children of Rosenthal*, 103 Pa. Superior Ct. 27, 32-33, 157 A. 342: "The relationship of parent and child is a status—not a property right. Parents, whether divorced or not, have no property right in their child's custody, concerning which they may make contracts ...... 'Where the custody of children is the question, the best interest of the children is the paramount fact. Rights of father and mother sink into insignificance before that ......' It is useless to argue about the rights of this mother and father under the contract; neither has any right thereunder which is involved in the issue here arising. The paramount issue ...... is the best interest and permanent welfare of the child".

The order of the court below is reversed, and the record is remitted with instructions to enter an order awarding the custody of the child, Alberta Goessler, to her mother, Sarah Bernstein, subject to such regulations as may not be inconsistent with this opinion.