Commonwealth ex rel. Teitelbaum *v.* Teitelbaum,
Appellant.

Argued November 21, 1946. Before BALDRIGE, P. J.,
RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*William Brodsky,* for appellant.

*R. H. Arronson,* for appellee.

OPINION BY HIRT, J., January 17, 1947:

Respondent has appealed from an order of the lower court refusing a hearing on the merits of her petition for the custody of her minor daughter.

The record, as interpreted by the lower court, discloses that this proceeding was initiated by the petition of Adolph Teitelbaum for habeas corpus,[1] filed on September 18, 1945. In accordance with an agreement in writing entered into by the parties and filed of record, the lower court, on the same day, made an order awarding the custody of their three-year-old daughter to relator, Adolph Teitelbaum, the father. Shortly thereafter the child was delivered to Samuel Teitelbaum and Florence, his wife, brother and sister-in-law of relator and has since been living with them in a family relation, in Gallup, New Mexico. On February 25, 1946, the mother of respondent, and on her behalf, petitioned the court for an order on relator, Adolph Teitelbaum, to compel him to have the child returned to Philadelphia county. In her petition she alleged that, following the order of September 18, 1945, an agreement was entered into between Gertrude and Adolph Teitelbaum that "Samuel Teitelbaum and Florence Teitelbaum would adopt Charna Elain Teitelbaum, the minor child" here involved. This agreement was admitted by relator's answer but denied by respondent, although she admitted the existence of a written agreement in some form not disclosed by the record. On March 11, 1946, respondent petitioned for a second writ of habeas corpus in this proceeding, in an attempt to obtain custody of the child.

---

[1] The title of the proceeding is amended to "Commonwealth ex rel. Adolph Teitelbaum v. Gertrude Teitelbaum."

The writ was awarded, returnable March 27, 1946. The two proceedings were then consolidated by the lower court. After hearing, limited to questions of jurisdiction, the court dismissed the petition for the writ, thereby in effect refusing the prayer of the other petition for the return of the child to Philadelphia county. The opinion of the court recites: "The child was sent to New Mexico, to be domiciled there permanently, by the parties themselves. It no longer retains the father's domicile, and is neither restrained nor detained by him within our jurisdiction." Respondent, appellant, assigns as error the dismissal of the petition on jurisdictional grounds.

The jurisdiction of the court attached on September 18, 1945, when the original writ was issued. At that time both of the parties and their minor daughter resided in Philadelphia county. By the order in that proceeding, awarding the custody of the child to the father, the domicile of the child, so far as this record is concerned, continued to be that of the father and the court had jurisdiction of the present proceeding. The petition for habeas corpus filed by respondent in effect was a petition for modification of the order made on the original writ, awarding custody of the child to relator. Orders determining the custody of children are temporary in their nature and are always subject to modification to meet changed conditions. *Com. ex rel. v. Daven*, 298 Pa. 416, 148 A. 524.

The rule is that "The minor child's domicile, in the case of divorce or judicial separation of its parents, is that of the parent to whose custody it has been legally given": Restatement, Conflict of Laws, §32. And it is settled that jurisdiction of a court in a proceeding involving custody is determined by the domicile or the residence of the child. *Com. ex rel. Camp v. Camp*, 150 Pa. Superior Ct. 649, 29 A. 2d 363. The written agreement between the parties under which the child went to live in New Mexico, whatever its terms, did not affect the

domicile of the child nor the jurisdiction of the municipal court of its person nor the subject matter of its custody. Parents of children, by agreement between them, cannot nullify an order nor oust the jurisdiction of a court in custody proceedings. "The relationship of parent and child is a status—not a property right. Parents, whether divorced or not, have no property right in their child's custody, concerning which they may make contracts . . .": *In re: Minor Children of Rosenthal,* 103 Pa. Superior Ct. 27, 157 A. 342; *Com. ex rel. Goessler v. Bernstein,* 149 Pa. Superior Ct. 29, 26 A. 2d 213. So far as the present record discloses, the domicile of the child, in law, was that of relator in the county of Philadelphia, when the present petitions were filed. The court erred therefore, in refusing to go into a hearing in this proceeding, first to determine whether changed facts since the original order, not appearing in this record, have worked a legal change in the domicile or residence of the child ousting the jurisdiction of the court, and, if not, whether the best interests of the child require a change in the order made on September 18, 1945.

Since this matter must go back to the lower court for further proceedings, some reference should be made to the effect of an adoption decree, if actually entered by a competent court in New Mexico, on the jurisdiction of the Municipal Court of Philadelphia. At the argument of this appeal counsel for appellant stated that he had been informed on October 22, 1946, that no proceeding had been brought by Samuel and Florence Teitelbaum in New Mexico, for the adoption of the child. Since the argument, the same counsel, on December 2, 1946, corrected the above statement by filing of record a photostatic copy of a communication received by him from his associate counsel in Gallup, New Mexico. That letter states that a petition of Samuel and Florence Teitelbaum for adoption of the child was filed in a Dis-

trict Court of New Mexico on May 4, 1946, and that a final order of adoption was entered by the court on September 12, 1946. While a decree of adoption by a court of a foreign state is entitled to full faith and credit under the Federal Constitution (*Zoell's Estate*, 345 Pa. 413, 29 A. 2d 31) yet the power of the court to make a valid decree is open to collateral attack on jurisdictional grounds. Cf. *Com. ex rel. v. Esenwein*, 348 Pa. 455, 35 A. 2d 335; 1 Am. Jur., Adoption of Children, §§33, 75. At the rehearing in this case, on the collateral consideration of the jurisdiction of the New Mexico court and the legality of the adoption decree, the written agreement of the parties (referred to but not quoted in the present record) will be material. If in effect, such agreement may amount to an abandonment of the child, giving the foreign court jurisdiction to enter an adoption decree without notice to the natural parents. At the rehearing, the lower court will also consider testimony of other facts, referred to in the above communication filed with us, bearing upon the question of the jurisdiction of the New Mexico Court. If the foreign court had jurisdiction to enter a valid decree of adoption, the prior order of the municipal court was nullified and its jurisdiction terminated thereby. "An adopted minor child has the same domicil as that of the adoptive parent": Restatement, Conflict of Laws, §35.

It may be that the lower court by renouncing jurisdiction, intended a short-cut to a final disposition of this case on the merits. The respondent may be wholly unfitted to have custody, as contended by relator, and Samuel and Florence Teitelbaum, to whom relator delivered the child, may be eminently proper persons to assume the relationship of foster parents. But if the lower court has jurisdiction of the subject matter, any disposition on the merits must be supported by sufficient competent evidence.

Order reversed. The proceeding is remitted to the lower court for further hearing.