## Commonwealth v. Corradino

*William Moldovan*, for relatrix.

*T. C. Jones*, for respondent.

HARKINS, J., February 2, 1948.—Louis F. Corradino and Pearl B. Corradino were owners and operators of a tavern known as Lou's Horseshoe Bar at Kennywood, Pa., and owned and occupied a two-story brick house of seven rooms directly in the rear of their place of business. Three children, Adeline, aged 11, Kathleen, aged nine, and James, aged four, were born of this

marriage, and are now residing with their mother, Pearl B. Corradino, the parties having been divorced. Prior to the divorce decree, an agreement was entered into between Pearl Corradino and Louis F. Corradino by the terms of which Pearl Corradino became the sole owner of the business and the dwelling house for a consideration of $14,000. Paragraph 6 of this agreement is as follows: "It is further understood and agreed that as a part of the agreement heretofore, Pearl Corradino shall at her own sole expense support the children."

Relatrix, Pearl Corradino, now has brought an action against her former husband for the support of the three minor children.

It is not the contention of respondent that the agreement relieves him of liability for support of the minor children, but rather that by the terms of the agreement he transferred a one-half interest in property with a clear value of $44,625, or a value of $22,312.50, for a consideration of $14,000. Counsel for respondent argues that this difference of $8,312.50 was intended by the father to be used by the mother for the support of the children, and that at least until this sum is shown to have been expended by the mother, the father's liability must be held in abeyance.

There is no question that agreements between husbands and wives providing for a disposition and settlement of their joint affairs, such as property rights, even before a divorce, so long as the contract or agreement does not have for its object the procurement of a divorce, are valid even though the same may be made in contemplation of a divorce. See Zlotziver v. Zlotziver, 355 Pa. 299, at 304, where the following is found:

"An agreement as to alimony or an adjustment of property rights between a husband and wife is perfectly proper and valid even though made in contemplation of divorce. Miller v. Miller, 284 Pa. 414, 418, 419, 131 A. 236, 238; American National Bank of Camden v. Kirk, 317 Pa. 551, 177 A. 801; Forbes v.

Forbes, 159 Pa. Superior Ct. 243, 246, 48 A. 2d. 153, 155."

With respect to the rights of the father and mother to contract away the right of the children to support, we are of the opinion that this cannot be done. Even if we accept the figures advanced by counsel for respondent of $8,312.50, this is not a lump sum which can be separated and devoted to the separate use of the children by the mother, but it is part of the value of the business and home, and as such its future availability for use for the children is tied in with the possible success or failure of the business undertaking itself.

It is well settled law in Pennsylvania that a divorce of itself does not affect the primary obligation of the father to support the children. See Commonwealth v. Elliott, 157 Pa. Superior Ct. 619, at page 622, where we find:

"The separation or divorce of a father from his wife has no effect upon the obligation to provide reasonable maintenance for children of the union, as the duty is a continuing one, existing independently of the continuity of the marital status. Com. ex rel. Stack v. Stack, 141 Pa. Superior Ct. 147, 15 A. 2d 76."

In Commonwealth ex rel. Rossi v. Rossi, 161 Pa. Superior Ct. 86, at page 89, we find the law stated which we believe covers the present situation. There, Judge Hirt states that contracts between the husband and wife if fairly made are generally considered binding as to them, although legally ineffective to oust the jurisdiction of the court in an action brought for the support of the wife. After further stating that a separation proceeding is not an action brought to enforce the performance of an ordinary obligation, but a quasi criminal proceeding brought by the minor child in the name of the Commonwealth though at the relation or on the information of the child's mother, Judge Hirt then states that the relationship of parent and child is not a property right, but a status. The words used are:

"The relationship of parent and child is a status—not a property right (Com. ex rel. Teitelbaum v. Teitelbaum, 160 Pa. Superior Ct. 286, 50 A. 2d 713), and a mother cannot, by contract, bargain away the right of her minor child to adequate support, to the relief of the father, irrespective of the legality of the agreement between the parents themselves. Com. ex rel. Rey v. Rey, 159 Pa. Superior Ct. 284, 286, 48 A. 2d 131; Com. v. Reckefus, 92 Pa. Superior Ct. 117."

We, therefore, are of the opinion that in the present case it is proper to enter an order against respondent for the support of his three minor children, and that the one further question involved is as to the proper amount, taking into consideration the resources of defendant so that the order will be a fair one to him.

Subsequent to the divorce, respondent purchased a grocery store and meat market in the City of McKeesport, and was operating this business at the time of the hearing. In addition, he had purchased at least two pieces of real estate which he was renting, and from which he was receiving a substantial monthly income. Mrs. Corradino, while having a business which fluctuates in its earnings, has a substantial business to enable her to maintain herself and her children, and to reduce her indebtedness by some $1,400 since she took over the ownership and management of the business in June 1947 until the date of the hearing, which was in the latter part of 1947. Taking all these facts into consideration, and also the fact that undoubtedly the mother, who at least has a great moral responsibility to help provide for the three children in question, and probably will do so, we are of the opinion that an order of support against respondent in the amount of $50 a month for the support of the three minor children, Adeline, Kathleen and James, would be reasonable and proper under all the facts in the case. Such an order in this amount will therefore be entered separately eo die.