## Commonwealth ex rel. Contino v. Contino

*Hazel H. Brown,* assistant district attorney, and *N. R. Bradley,* for petitioner.

*David Freeman,* for respondent.

WINNET, J., July 11, 1949.—These proceedings were brought for the support of relatrix and her daughter, Mary, who was born on April 4, 1948. The sole question involved is the effect of the agreement entered into by the parties on September 23, 1947, prior to their marriage on September 27, 1947. The agreement recites that relatrix has charged respondent with being the father of her expectant child which he has denied, and in order to legitimatize the child respondent agrees to marry relatrix, who agrees thereafter to waive all conjugal rights including the right of support for herself and her child. The parties were married and never lived together thereafter. The child was born and relatrix has supported her to the best of her ability. Because of her pressing needs she seeks support for herself and child in these proceedings.

It has been strenuously argued that this is an ante-nuptial agreement which is fair and reasonable and must be supported by this court. As against that it has been contended that the agreement was entered into under circumstances which amounted to duress and is invalid.

This is not the ordinary type of ante-nuptial agreement with provisions for support both during marriage and upon termination. In that type of agreement we are concerned with its reasonableness, or whether or not there was a full disclosure at the time the agreement was executed: Emery Estate, 362 Pa. 142. The only way we can characterize this agreement is that it is a contract for separation after marriage. The question involved resolves itself as to whether such an agreement is against public policy.

To decide this question we must choose between a conflict of interests. On the one hand it may well be argued that such an agreement is against public policy. It was so held in Commonwealth v. Miller, 18 Westmoreland 251. It does make a mockery of marriage,

which is a sacred institution in which society as well as the parties has an interest. The parties should not be allowed to enter into marriage and agree thereafter not to live up to the obligations which from time immemorial have attached to it. On the other hand, in such agreements there is the interest of the expectant child to be considered. A child born out of wedlock unfortunately bears a stigma; he is the one referred to as illegitimate, whereas in truth and in fact, it is the parents who are illegitimate and who ought to be stigmatized by society. The courts should not discourage any act, even an agreement of separation upon marriage, if the effect of it would be to remove the stigma from an innocent child. On a balance of these conflicting interests it is not difficult to conclude in favor of the agreement. It is a valid one and should be enforced against the parties.

Under this agreement, therefore, relatrix herself is not entitled to support. Granted that she was under great emotional strain when it was executed, it was, however, executed as the agreement recites at her instance and request. Any duress which she may have felt to compel her to enter into the agreement was due to her own conduct.

The agreement, however, cannot affect the rights of the child. Parents by their agreement cannot deprive children of their right to support: Commonwealth ex rel Teitelbaum v. Teitelbaum, 160 Pa. Superior Ct. 286, 289; Commonwealth ex rel Rey v. Rey, 159 Pa. Superior Ct. 284, 285. The same principle is applicable with greater force to parties who are about to become parents.

We have heretofore entered a temporary order of $8 per week for the support of the child. This is now made permanent as to the child. The petition is dismissed as to the request of relatrix for support for herself.