## Clark v. Clark

*B. Patrick Costello,* for plaintiff.

*John E. Costello,* for defendant.

SCULCO, J., August 27, 1973.—This matter is before this court by virtue of a complaint in equity filed by plaintiff, Paula Clark, in which she seeks to enforce various provisions contained in an agreement relating to support, custody and division of property dated July 18, 1970, between herself and defendant, her former husband, Fred R. Clark. While the original complaint contained three counts, after scheduling an initial hearing which was continued by agreement of the parties, the matters contained in the first two counts of plaintiff's complaint in equity were satisfactorily resolved between the parties. As a result of those agreements, two court orders were signed directing implementation of the matters contained in counts one and two of the complaint. Subsequently, a second hearing was held on July 18, 1973, at which hearing testimony was taken. Hence, the sole question before this court for determination now is the third count of plaintiff's complaint.

A summary of the facts in this case in regard to the third count of plaintiff's complaint, as brought out by the pleadings and testimony taken at the hearing of July 18th is as follows. On July 18, 1970, the parties to this action entered into an agreement relating to support, custody and division of property. A decree in divorce was subsequently entered on September 25, 1970. Paragraph Fourteen of that separation agreement, entitled "Remarriage" is the subject of the unresolved third count of plaintiff's complaint in equity. That paragraph reads as follows:

"14. *REMARRIAGE* FRED R. CLARK, JR., Covenants and Agrees that in the event he would remarry within one (1) year from the date of this Agreement, he will pay into the Trust Funds a sum totaling Three Thousand and no/100 Dollars ($3,000.00) with One

Thousand and no/100 Dollars ($1,000.00) being paid into the trust for each child as per paragraph 3. This payment will be made within six (6) months from the date of any remarriage."

Paragraph Three of the agreement called for the creation of three separate trust accounts, one for each of the three children of Fred R. Clark and Paula Clark, at a bank to be selected by Paula Clark, Fred R. Clark paying an annual sum of $500 into each account, or a total of $1,500 for the three children each year. The annual payment into the trust funds was the subject of count one of the complaint in equity and has been satisfactorily resolved between the parties.

Defendant remarried November 7, 1970, less than two months after the divorce decree was entered. Hence, pursuant to the agreement, a payment of $1,000 into each of the three trust funds was due and owing as of May 7, 1971. Defendant has yet to make payment of these amounts into any of the trust funds.

Defendant does not allege that the agreement, itself, is invalid, nor does he suggest that payment of the sums pursuant to the agreement is improper. Rather, to the contrary, it is defendant's contention that, since the agreement is a contractual relationship between the ex-spouses, it is enforceable, but only in its entirety. It is defendant's contention that if plaintiff has failed to comply with all of the provisions of the separation agreement, then plaintiff is also barred from compelling defendant from complying with those provisions.

While this court might be compelled to accept defendant's position in theory, an examination of the actual facts in this case as they relate to the agreement fail to support defendant's position.

The sole provision of the support agreement which defendant avers that plaintiff did not comply with, and hence, the sole basis for justifying defendant's failure

to comply with Paragraph Fourteen of that agreement, rests in the force and effect of Paragraph Two of the agreement entitled "Support and Care." That provision reads as follows:

"*SUPPORT AND CARE* The father, FRED R. CLARK, JR., will pay to the mother for the support of the said children, the sum of Four Hundred and no/100 Dollars ($400.00) for each month, which sum shall be paid to her on or before the 10th day of each month at such place as she shall direct. In addition, the father shall provide for all of the medical, dental and hospital care for the said children."

By order of court, the Hon. Richard McCormick presiding, dated June 1, 1972, the support order for the Clark children was increased to $500 per month for the support and maintenance of those three children. It is defendant's position that this increase in the monthly support payment constituted a breach of the separation agreement and bars plaintiff from enforcing the other provisions of the Agreement.

This court finds no merit in those contentions. The duty of a parent to support his children is clearly defined in Pennsylvania. As is stated in Commonwealth v. Bishop, 185 Pa. Superior Ct. 362, at 367 (1958):

"The relationship of parent and child is a status— not a property right (Com. ex rel. Teitelbaum v. Teitelbaum, 160 Pa. Superior Ct. 286, 50 A. 2d 713) and a mother cannot, by contract, bargain away the right of her minor child to adequate support, to the relief of the father, irrespective of the legality of the agreement between the parents themselves."

An agreement between a father and mother in regard to the support of their children, and a support order entered by the court of common pleas of this county are two entirely separate entities. While an Agreement between parents may be considered by the

court in determining what amount its order for support should be, the agreement, itself, has no binding effect on this court. Likewise, the entry of a court order in excess of the amount of support called for in an agreement between the parents does not affect the legality or validity of that agreement, itself.

Indeed, to the contrary, Pennsylvania courts have allowed an increase in an original support order with the express purpose of preserving the overall plan for the benefit of the children contained in a separation agreement of divorced parties. See Commonwealth ex rel. Pullman v. Pullman, 196 Pa. Superior Ct. 363 (1961), which affirms and adopts the opinion of Judge John V. Diggins, of the Court of Quarter Sessions of Delaware County, reported at 25 D. & C. 2d 332 (1961).

Defendant was provided with an opportunity to object to the increase in support at the hearing held before Judge McCormick. If defendant wishes to challenge that court order, or if he seeks to obtain a decrease in the support order, there are appropriate vehicles available in the courts in which to do that. That issue, however, is not properly before this court and we will not rule on the sufficiency or adequacy of the support order. In effect, however, this is what defendant would have us do when he asks this court, on the basis of the increased support order, to refuse to enforce an agreement to which he is a party.

Furthermore, both parties to the agreement were represented by able counsel at the time the agreement was made and at all times before this court on various matters. Defendant cannot say, therefore, that the figure set forth for support in the separation agreement was contemplated as a fast and final amount. A support order is always subject to change for cause shown and any agreement to the contrary cannot be binding.

Plaintiff, in her complaint, asks this court, through its powers in equity, to enforce the provisions of the separation agreement.

It is clear to the court that defendant is in error for his failure to pay the $3,000 into the trust funds. It is equally clear to this court that plaintiff has suffered injury for this failure, i.e., if only $3,000 is recovered the trust funds will be deficient since they will not have accrued the interest on that amount which would have accrued had the funds been paid when due and owing, on May 7, 1971. Numerous demands for payment have been made upon defendant and he has consistently indicated great reluctance to pay even the principal amount. This court, therefore, feels that only if prompt payment is made pursuant to our order hereinafter entered, that interest will be waived. If prompt payment is not made, the interest should run as of the original due date, i.e., May 7, 1971.

The court, therefore, enters the following

## ORDER OF COURT

And now, to wit, August 27, 1973, after due and careful consideration of the pleadings, testimony, arguments and record in this matter, it is hereby ordered, adjudged and decreed that defendant pay into the trust accounts established pursuant to the prior order of court entered at this number, $1,000 into each account within 30 days from entry of this order. If paid within this period of time, interest is disallowed. If payment is not made within said 30 days, interest will accrue at the legal rate of six percent per annum on the principal amount, calculated from May 7, 1971.

The court will retain jurisdiction of the within case, until advised by counsel that the within order has been complied with, or until an appeal is taken therefrom,

as the case may be. Upon compliance with this order, plaintiff is directed to mark the record in this action as "Settled, discontinued and ended," and defendant is directed to pay the record costs incident to the settlement of record.