Commonwealth ex rel. Moss, Appellant, *v.* Moss.

134

Argued April 22, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Clyde P. Bailey,* with him *Dane Critchfield, William J. Graham* and *Bailey & Critchfield,* for appellant.

*John E. Evans, Jr.,* with him *Clair D. Moss,* in propria-persona, for appellee.

OPINION BY HIRT, J., June 15, 1946:

The parties to this proceeding, parents of a six-year-old daughter, were divorced in December 1944. On June 28, 1945, the petition of respondent for limited custody of the child, was dismissed, after hearing, by a judge of the lower court. Eight months later respondent filed a similar petition. The matter was heard de novo by another judge of the court below, who granted the prayer of the petition, in the order from which relatrix has appealed. We are all agreed that disapproval of the practice should be noted. Cases involving the welfare of children are matters of importance and often are difficult of wise solution. In many instances a busy court can acquire an adequate knowledge of the facts only after successive hearings. The judge, first assigned,

is better qualified to dispose of all subsequent proceedings in which changes in custody affecting the child are sought.

The county court has jurisdiction of the question under the Act of March 19, 1915, P. L. 5, 17 PS §653, because of a prior order entered against respondent for the support of the child. *Com. ex rel. Berardino v. Berardino,* 97 Pa. Superior Ct. 380. But the proceeding, though for limited custody, is nonetheless habeas corpus in substance (*Com. ex rel. Piper v. Edberg,* 150 Pa. Superior Ct. 378, 28 A. 2d 460; *Com. ex rel. Firestone, v. Firestone,* 158 Pa. Superior Ct. 579, 45 A. 2d 923) ; the Act of July 11, 1917, P. L. 817, 12 PS §1874, therefore, applies and we are bound to consider the testimony and make such order as, in our judgment, is just. One judge denied respondent's petition and another judge gave respondent all, if not more, that he asked. However, we do not consider that the first order prevented the second. The first order, entered "without prejudice", must be regarded as tentative. Some subsequent changes in the circumstances were developed by the testimony at the second hearing. Their materiality were for the lower court and for us; res adjudicata has little place for strict application where the welfare of a child is involved.

We agree that both parents are highly reputable and responsible; that the child should remain in the home of its mother, where ample provision has been made for its care, subject to the right of the father to limited custody at proper times. A normal relationship with both parents should be maintained. *Com. ex rel. Manning v. Manning,* 89 Pa. Superior Ct. 301. From a consideration of all of the testimony, we are in accord, in the main, with the final order in this case. Relatrix is employed in the trust department of a Pittsburgh bank. She is free to give undivided attention to the child only during week ends. In our judgment respondent should have the child in his home from 1 :30 P. M. Saturday,

but, *in the interest of the child,* only in alternate weeks, until 7:30 the following Sunday evening. If the respondent will give relatrix advance detailed information, so that she may be heard if she does not agree as to his plans for the care of the child during two weeks in the summer, we see no reason why he should not have exclusive custody of his child during his vacation period.

Except as modified, the order is affirmed.