Commonwealth ex rel. Freed, Appellant, *v.* Freed.

Argued November 14, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*Myron E. Rowley,* with him *Adolph L. Zeman, Ralph E. Smith, Zeman & Zeman* and *Rowley & Smith,* for appellant.

*D. M. Cummins,* with him *Homer H. Swaney, Lee E. Whitmire, Jr.,* and *Swaney & Whitmire,* for appellee.

OPINION BY HIRT, J., January 20, 1953:

The parties, following their marriage in December 1945, lived in Beaver Falls where their daughter, the subject of this proceeding, was born on December 3, 1946. On June 16, 1948, the relatrix separated from her husband in Washington County and, taking the child with her, went to live with her parents in Hyndman, Bedford County. On August 9, 1948, the respondent, without the consent of his wife, took the child from the home in Hyndman and brought it to Washington, Pennsylvania. Thereupon the relatrix sought to regain possession of the child in a habeas corpus proceed-

ing brought in Washington County on August 26, 1948. After hearing, the court, based upon considerations of the best interests of the child, by order on October 7, 1948, awarded custody to the relatrix with leave to the respondent to take the child from the home in Hyndman, for limited definite periods as stated in the order. Since the present appeal was taken Judge CARSON, who made the orders in this case, has filed a statement, in lieu of an opinion, containing a "summary of the facts". From this statement it appears that prior to the time of the original hearing the parties lived in Washington County but only for a brief period. Their former residence had been in Beaver Falls and shortly after the separation of the parties in Washington County the respondent returned to Beaver Falls where he resumed his former residence and now lives. Since the separation neither of the parties has resided in Washington County.

By automobile travel, Hyndman in Bedford County is about 150 miles from Beaver Falls. On one occasion in December 1949 when respondent drove to Hyndman to get the child in accordance with the terms of the above order of October 7, 1948, the relatrix refused to deliver the child to him. She also refused him temporary custody of the child for the months of July and August 1950 in violation of the order. On these grounds he on May 29, 1952, petitioned the court for a revocation of the order of October 7, 1948 and for an award of the custody of his child to him. The relatrix, although served with notice of respondent's petition, did not file an answer thereto nor appear at the hearing on the rule granted on the petition. The court, on June 30, 1952, after hearing, found that relatrix "almost continuously" had violated the terms of its previous orders, and accordingly revoked the order of October 7, 1948, and awarded custody of the child to her father, the re-

spondent. Shortly thereafter he went to the home of relatrix's parents in Bedford County, pursuant to the order of June 30, 1952, and with the aid of a deputy sheriff of that county secured possession of the child and took her with him to Beaver Falls where she has lived with him or with his parents in Beaver County since that time.[1]

In September 1952, the relatrix petitioned the lower court for a revocation of the order of June 30, 1952, on the ground that the court then did not have jurisdiction of the parties nor of the child. In the alternative, in the event of an adverse decision as to jurisdiction, relatrix sought a modification of the order on the merits to determine what is "for the best interests and permanent welfare" of the child. She, in her petition, alleged that she had changed her domicile to the State of Maryland and while living there was divorced from the respondent, Gerald B. Freed, in a proceeding brought by her, by decree of the Circuit Court of Alleghany County, Maryland, dated January 5, 1952, and in the divorce decree she was granted permanent custody of the child. By order on September 22, 1952, the lower court refused the prayer of relatrix's petition for revocation of the order. The present appeal by the relatrix, the mother of the child, is from the order of June 30, 1952, on jurisdictional grounds.

From the above facts, appearing in the record, it is clear that the lower court was right in stating on September 22, 1952, that it no longer had jurisdiction of the parties nor of the child in this proceeding but it erred in failing to set aside its order of June 30, 1952.

---

[1] The relatrix has brought a habeas corpus proceeding in Beaver County for the custody of the child which is pending but is in abeyance awaiting the outcome of this appeal.

When that order was made neither the mother nor the minor child resided in Washington County nor was present in the county at that time. The jurisdiction of a court in a proceeding involving custody is determined by the domicile or residence of the child. *Com. ex rel. Camp v. Camp,* 150 Pa. Superior Ct. 649, 29 A. 2d 363; *Commonwealth ex rel. Graham v. Graham,* 367 Pa. 553, 80 A. 2d 829. The residence of the child was in Washington County when the original order of October 7, 1948 was made. In the best interests of the child an award of custody could have been made to either parent. The court then had jurisdiction and in a proper exercise of its judicial discretion gave the child to the relatrix. And when she took the child with her and established a new residence in Hyndman the child acquired the domicile of its mother in Bedford County. *Commonwealth ex rel. Graham v. Graham,* supra. While the court had the authority to make the original order, it lost its jurisdiction to modify or make a new order when both parents left Washington County and the child lived with her mother in Bedford County.

In the habeas corpus proceeding in Beaver County the terms of the original order of October 7, 1948 will not control. Changed circumstances since that date will reopen the question of custody both on the law and the merits. The validity of the Maryland divorce will be in issue and if valid, a second question will be the extraterritorial effect, under all of the circumstances, of an award of custody of the child to her mother by a court of that State. Only if the Maryland divorce was valid as to the respondent and the Maryland Court had jurisdiction of the minor child will the principles of §§32, 117, 145 and 146 of the Restatement, Conflict of Laws, have application. Cf. *Teitelbaum v. Teitelbaum,* 160 Pa. Superior Ct. 286,

50 A. 2d 713 and *Commonwealth ex rel. Graham v. Graham,* supra.

The order of June 30, 1952 is vacated and set aside.