## Commonwealth ex rel. Heston *v.* Heston, Appellant.

Argued March 16, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ. (DITHRICH, J., absent).

*Herbert H. Hadra,* with him *Maurice Freedman* and *Robert H. Arronson,* for appellant.

*Jay D. Barsky,* with him *Trommer, Silver & Barsky,* for appellee.

OPINION BY RHODES, P. J., July 14, 1953:

This is an appeal by respondent from an order of the Municipal Court of Philadelphia County granting the relator the right of visitation with his infant son. Respondent is the mother of the child and the former wife of the relator.

The order of November 25, 1952, from which this appeal has been taken, provided that the relator see the child on alternate Sundays from 10 a.m. to 12 noon in the nursery of the Municipal Court. The custody of the child was to remain with the respondent. This Court granted a supersedeas of the order pending the determination of the appeal.

Respondent on this appeal, as in the court below, contends that the relator has a paranoiac personality and cannot be trusted to visit the child even in the court nursery.

The child was born on March 1, 1952, after the parties had separated. On May 17, 1952, relator filed his petition for writ of habeas corpus to obtain the privi-

lege of visitation. In reviewing the proceedings in the court below, as provided by the Act of July 11, 1917, P. L. 817, §1, 12 PS §1874, it is for us to "consider the testimony and make such order upon the merits of the case . . . as to right and justice shall belong."

Normally both parents should see their children. *Com. ex rel. Bachman v. Bradley,* 171 Pa. Superior Ct. 587, 593, 91 A. 2d 379. But on the present record we are unable to conclude to our own satisfaction that there is no danger to the child or that it will not be adversely affected as a result of relator's mental disorder. The record shows the unstable mental condition of relator. There is testimony of acts indicative of severe aberration. There is also testimony of sudden acts of violence. A psychiatrist who was connected with the Municipal Court testified that he found relator to be "unstable, irritable, critical, an unpredictable person with excessive jealousy and marked suspiciousness"; and that his social adjustment was "barely adequate." He further testified that relator had a paranoiac personality; and that it would be possible for him to develop schizophrenia. In answer to hypothetical questions which incorporated the alleged conduct of relator the psychiatrist said: "If the man actually did those things I would say he is potentially dangerous, particularly if he has an unstable personality." Notwithstanding these expressions, the witness said he did not think it would be harmful to the child to allow visitation by relator.

The testimony of the psychiatrist disclosed a cursory examination of relator, and his findings do not satisfactorily support his conclusion. Since our primary concern must be the welfare of the child, any doubt must be resolved in favor of its safety. In *Com. ex rel. Edinger v. Edinger,* 172 Pa. Superior Ct. 93, 96, 92 A. 2d 230, we made reference to the fact that tragedy not un-

commonly results from the involuntary acts of paranoiacs.

The inadequacy of the expert medical testimony upon which a proper decision largely rests precludes an affirmance of the order of the court below.

The order is reversed, and the record is remitted to the court below for further hearing and determination.