Commonwealth ex rel. English, Appellant, *v.* English.

Argued November 16, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*John L. Bailey,* with him *William J. Graham,* and *Weller, Wicks & Wallace,* for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY RHODES, P. J., December 14, 1960:

In this habeas corpus proceeding the court below entered an order awarding general custody of their three boys, aged nine, seven, and four, to the mother, with right of visitation in the father every week end from 9 a.m. Saturday to 7 p.m. Sunday.

Relatrix, the mother, and defendant, the father, were married on April 24, 1948, in Washington, D. C., and later purchased a home in Allegheny County. Since 1957 the parties have been separated. The mother filed suit for a limited divorce, and also sought support for the three boys in Allegheny County. Later the father removed the children to New York City, where the mother subsequently obtained custody by decree of the Supreme Court of New York, and returned to Allegheny County with the children.

Following a petition filed by the father, and after various hearings, the County Court of Allegheny County, on February 24, 1960, entered a temporary order giving the father visitation privileges or temporary custody as to the three children every week end, on Saturday from 9 a.m. to Sunday at 7 p.m. Thereafter the mother filed a petition seeking to modify the court's order. After a hearing, the court below, on October 24, 1960, dismissed the mother's petition and reaffirmed its order granting week-end visitation rights to the father. Relatrix, the mother, appealed.

The evidence shows that the father is frequently tardy in payment of support for the children. His weekly visitation involves a round trip by bus from New York City to Allegheny County. He then takes the three boys to the home of his sister, Mrs. Kremmel, in Ambridge, Pennsylvania. It appears that the three children sleep in one bed while at the Kremmel household.

The court below indicated that, in refusing to modify the week-end visitation rights of the father, it was influenced by the mother's apparent refusal to abide by a premarital agreement that the children be raised in the Roman Catholic faith and her apparent wish that they be raised in the Methodist faith. The court below further indicated it would have modified the father's visitation right except that it felt that the religious training of the children should be entrusted to the father.

The paramount consideration in child custody cases is the welfare of the child to which all other factors are subordinate. *Com. ex rel. Sabath v. Mendelson,* 187 Pa. Superior Ct. 73, 76, 143 A. 2d 665. Under our cases it is clear that religion is an important matter and should be given consideration, but it does not determine the right of custody of a child. *Com. ex rel.*

*Donie v. Ferree,* 175 Pa. Superior Ct. 586, 590, 106 A. 2d 681; *Com. ex rel. Kuntz v. Stackhouse,* 176 Pa. Superior Ct. 361, 365, 108 A. 2d 73.

In our opinion the court below gave undue weight to the antenuptial contract as to religious upbringing, and the court's order was entered with the primary purpose of insuring religious training in the particular faith of the father. Apparently the children will not lack religious training under the general custody granted the mother. Cf. *Oelberman Adoption Case,* 167 Pa. Superior Ct. 407, 415, 74 A. 2d 790. While the father is undoubtedly entitled to rights of visitation, the welfare of the children plainly is not served where custody is substantially divided, under the circumstances, between two incompatible parents.

Also, in the present case, the father's weekly partial custody creates serious problems bearing on the welfare of the children. It is necessary that the father travel by bus from New York City to Wilkinsburg, Pennsylvania, pick up the children and transport them about forty miles to his sister's home in Ambridge. The mother testified that when the children are returned to her after two days with the father they cannot sleep or eat properly. In our opinion the order of the court below should be modified so as to give the father the right of visitation from Saturday at 9 a.m. to Sunday at 7 p.m. once a month only.

The order as modified is affirmed.