Commonwealth ex rel. Mason *v.* Mason,
Appellant.

Argued November 12, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Richard G. Zeleznik,* for appellant.

*William Moldovan,* for appellee.

OPINION BY MONTGOMERY, J., December 12, 1968:

In this habeas corpus proceeding relator, Billy C. Mason, the father of Linda Gale Mason, age eight, and Billy Clarence Mason, age five, sought to secure their custody from their mother, Veronica Shevchik, who resided with them in the Glassport-McKeesport area of Allegheny County, Pennsylvania.

These parents had been divorced by decree entered on April 28, 1966 by the Circuit Court of Alabama where the parties then resided. As a part of that decree there was included a provision that custody of the two children should vest in the mother with suit-

able visitation rights given to the father. This arrangement had been agreed to by the parties. Thereafter, on March 25, 1967 the father remarried and later moved to Mississippi. The mother remarried on October 6, 1967 and with her husband and children moved to Allegheny County, Pennsylvania in January, 1968. This removal of the children from Alabama was contrary to the decree which provided that they should not be removed from the jurisdiction of the Alabama Court without first obtaining its express permission.

Following the removal of the children from Alabama their father advised the Alabama Court and petitioned the Court to modify its prior order. A copy of the petition was served on the mother by registered mail sent to her in McKeesport, Pennsylvania, which included a notice of a hearing to be held in Alabama on February 19, 1968. She did not respond to this notice which was received by her on February 12, 1968, and she did not appear at the hearing. The hearing, ex parte, resulted in a modification of the original decree and the granting of temporary custody to the father. A further hearing on the matter was set for March 1, 1968. On March 1, 1968 the mother again failing to appear at the hearing, the Court again granted temporary custody of the children to the father, suspended an order it had previously imposed on the father for the support of the children, and held the mother in contempt for removing them from the jurisdiction of that Court and refusing to appear with them at the aforestated hearings.

Thereafter, in May, 1968 the father instituted these proceedings in Allegheny County, and after hearing was awarded full custody of the children, ". . . until such time as the respondent, Veronica Mason, presents her petition to the Court in Alabama for a change of the custody order which as it now stands in Alabama awards full custody to the father."

This appeal followed the entry of that order. A petition for a superseded to prevent the immediate transfer of the children from the mother to the father was subsequently presented, but it was refused on condition that the father would post a surety bond in the sum of $1,000 to assure the presence of the children in Allegheny County, Pennsylvania when required. The bond was provided and the children were subsequently delivered to the father with whom they presently reside.

It appears clear to us that the learned lower court, in deciding this issue, erroneously placed too much reliance on the modified decree of the Alabama Court which was entered not because the welfare of the children required it, but because that Court had felt that the mother had contemptuously violated its order that the children be not removed from its jurisdiction without its express consent. Although we appreciate the feelings of that Court in this regard, we have repeatedly held that such orders are temporary, and that the courts of the jurisdictions where children presently reside must recognize their jurisdiction acquired by the presence of the children, and their duty to decide these cases on the basis of the present welfare of the children.

As has been repeatedly stated by our courts, the Commonwealth is vitally concerned with infants within its boundaries and an interested party in all matters affecting them. *Ciammaichella Appeal*, 369 Pa. 278, 85 A. 2d 406 (1952) ; *Commonwealth ex rel. Thomas v. Gillard*, 203 Pa. Superior Ct. 95, 198 A. 2d 377 (1964). Therefore we have not felt bound to enforce, without question, foreign decrees of this type.

To show the extent to which we have gone in applying this principle, reference is made to *Irizarry Appeal*, 195 Pa. Superior Ct. 104, 169 A. 2d 307 (1961),

cert. denied, 368 U.S. 928, 82 S. Ct. 363, 7 L. Ed. 2d 191, in which case the writer of the present opinion dissented. Therein the children resided in Puerto Rico with their father to whom custody had been awarded by the courts of that jurisdiction. The mother and father had been lifelong residents of Puerto Rico and the children resided there during their entire lives except for annual visits to their mother, who had moved to Delaware County, Pennsylvania, following her divorce from the father. On the last visit of the children the mother detained them and petitioned the Delaware County Court for an award of custody after the children had been with her there only thirteen days. Jurisdiction was assumed and the court of that county awarded custody to the mother, which award was sustained.

We find no Pennsylvania authority recognizing the principle that the retention of jurisdiction over the children by the court making the initial award of custody or forbidding the removal of the children in any way alters the effect of their subsequent residence elsewhere, or preventing the courts of their present residence from assuming jurisdiction in such matters. The law in Pennsylvania is well settled that jurisdiction in custody cases follows either the domicile of the minor children or their residence, and the domicile of the children is that of the parent having custody. *Irizarry Appeal,* supra. See 23 Pitts. L. R. 465, 477-478 (1961).

While disregard of decrees of custody by sister states may lead to legalized abduction, and on general principles the enforcement of decrees of sister states would seem to be desirable, we have consistently held that the welfare of the child is the overriding consideration.

Unfortunately, in the present case, the lower court did not recognize that the welfare of these children

438

was the overriding consideration and relied too strongly on the Alabama Court's order. It did not pass on that point, saying, "I am not passing any judgment on her desirability as a parent of these children in the present circumstances."

Since we conclude that this matter must be remanded to the lower court for rehearing and reconsideration in the light of this opinion, we shall not engage in further discussion except to point out that these children are of tender years, were originally awarded to the mother with whom they had always lived, and had it not been for their removal from Alabama the mother would probably have continued to benefit by the original decree giving her custody. There appears no evidence that she had otherwise become unworthy of their care.

The order awarding the children to the father is overruled, the matter is remanded to the lower court for rehearing and further consideration; and the father is directed to forthwith return the children to the mother, who shall have custody of them until such time as the lower court shall hear and dispose of this matter as herein ordered.