## Commonwealth ex rel. Hickey *v.* Hickey, Appellant.

Argued December 9, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Ward F. Clark,* for appellant.

*Dale J. Penneys,* with her *Marvin Comisky,* and *Blank, Rome, Klaus & Comisky,* for appellee.

OPINION BY MONTGOMERY, J., April 15, 1970:

This is a custody case in which the father-appellant, Stefano J. Hickey, Jr., a resident of Bucks County, Pennsylvania, challenges the jurisdiction of the Court of Common Pleas of Philadelphia, Family Division, to inquire into the matter of the custody of his minor children, Kathryn, George, and Janice, who live with their mother, Appellee, Jane Kathryn Hickey, whose domicile is in Philadelphia County. The parties are still married but have been maintaining separate residences since November, 1966.

On April 23, 1967, custody of these children originally was awarded to the father by the Court of Common Pleas of Bucks County in consolidated actions of the father's petition in equity under the Marriage Act of June 26, 1895, P. L. 316, §2, 48 P.S. §92, and the mother's petition for a Writ of Habeas Corpus. Service of the father's petition was obtained on the mother in Bucks County where she was temporarily residing, although her permanent residence already had been established in Philadelphia. On appeal we reversed the Bucks County decree and awarded custody of the oldest child, Stefano J. Hickey, III, to the father. Further, we gave the father visitation rights with Kathryn, George, and Janice on alternate weekends from 9:00 a.m., Saturday, until 8:00 p.m., Sunday, and the same

rights to the mother regarding the oldest child. *Commonwealth ex rel. Hickey v. Hickey,* 213 Pa. Superior Ct. 349, 247 A. 2d 806 (1968).

Since November 14, 1968, Kathryn, George, and Janice have lived with their mother in Philadelphia, appellant has exercised his visitation privileges, and appellee has enjoyed visitation privileges with Stefano J. Hickey, III.

On May 2, 1969, appellant filed in Bucks County, a Petition to Modify Order which requested visitation rights with the three children every weekend. A hearing was set thereon for June 24, 1969. On June 5, 1969, appellee instituted this action in Philadelphia County, and a hearing was set for June 20, 1969. In her petition appellee alleged that the current visitation schedule ". . . has upset and disrupted the lives and daily routine of the minor children by requiring these children to spend entire weekends away from their home and friends and by subjecting them to the unnecessary burden of having to move themselves and their belongings for every visitation," and "The health of said children has been adversely affected by reason of Stefano J. Hickey, Jr.'s, failure to assure that the children receive adequate rest during the weekends that they visit with Stefano J. Hickey, Jr." On June 18, 1969, appellant filed preliminary objections to the Philadelphia County petition, and cited therein the action pending in Bucks County and questioned the jurisdiction of the Philadelphia court. On June 20, 1969, the preliminary objections were overruled and the lower court immediately proceeded on that day to hold a hearing and at its conclusion to enter an order modifying the appellant's visitation rights by ordering him to return the children on Sundays at 6:00 p.m. instead of 8:00 p.m.

Assigning for error only the question of the assumption of jurisdiction over this custody case by the

Philadelphia Court of Common Pleas and not challenging the merits of the lower court's order on this appeal, the appellant seeks to pursue his remedies in the Bucks County action if we should rule in his favor.

It has become well settled in this Commonwealth that jurisdiction of child custody cases follows either the domicile or the residence of the child; and the domicile of the child is that of the parent having custody. *Commonwealth ex rel. Mason v. Mason*, 213 Pa. Superior Ct. 433, 249 A. 2d 922 (1968); *Commonwealth ex rel. Freed v. Freed*, 172 Pa. Superior Ct. 276, 93 A. 2d 863 (1953). If a parent to whom a court awards custody establishes a new residence in another county, the child acquires the domicile and residence of the parent in that county. *Commonwealth ex rel. Freed v. Freed*, supra. The county of the domicile of the custodian, who has the power to produce the child within the county, has jurisdiction although the child is physically outside the county or the Commonwealth. *Swigart v. Swigart*, 193 Pa. Superior Ct. 174, 163 A. 2d 716 (1960); *Commonwealth ex rel. Burke v. Burke*, 168 Pa. Superior Ct. 578, 80 A. 2d 87 (1951); *Commonwealth ex rel. Teitelbaum v. Teitelbaum*, 160 Pa. Superior Ct. 286, 50 A. 2d 713 (1947). Since it appears that appellee, who was awarded custody of these children, was domiciled in Philadelphia County at the time that she petitioned the court below, Bucks County lost jurisdiction and jurisdiction of the matter was properly in Philadelphia County.

However, the appellant cites the nonsupport case of *Commonwealth ex rel. Williamson v. Williamson*, 215 Pa. Superior Ct. 731, 256 A. 2d 134 (1969), followed in *Commonwealth ex rel. Soloff v. Soloff*, 215 Pa. Superior Ct. 328, 257 A. 2d 314 (1969), in which we held that a court taking original jurisdiction of nonsupport cases retains jurisdiction throughout any subsequent proceedings. Those cases are distinguishable from cus-

tody matters for the reason that they are controlled by the Act of July 13, 1953, P. L. 431, §10, 62 P.S. §2043.40, which restricts such jurisdiction. We think that until such time as the Legislature likewise speaks on custody matters, the general case law must be followed, which in our opinion will most greatly benefit the children, whose welfare is the paramount issue in custody matters. Custody orders are always temporary and subject to review to determine the child's physical, intellectual, moral, and spiritual well being. *Irizarry Appeal*, 195 Pa. Superior Ct. 104, 169 A. 2d 307, cert. denied, 368 U.S. 928, 82 S. Ct. 363, 7 L. Ed. 2d 191 (1961).

Further, we find no merit in appellant's argument that the above principles should be modified on the ground that our holding here will result in court shopping, whereby disappointed litigants will move from county to county, seeking a favorable court. It has been said that res judicata has little place or strict application in custody cases. *Commonwealth ex rel. Moss v. Moss*, 159 Pa. Superior Ct. 133, 47 A. 2d 534 (1946). Nevertheless, in custody cases, facts previously litigated in one jurisdiction should be treated as established even though another court may find a result different from the earlier court on the same facts. *Commonwealth ex rel. v. Daven*, 298 Pa. 416, 148 A. 524 (1930). Therefore, on a subsequent petition, the record of the previous hearing or hearings may be introduced in evidence for the purpose of establishing the previously litigated facts. A change in circumstances since the date of the original custody order will reopen the question of custody both on the law and the merits. *Commonwealth ex rel. Freed v. Freed*, supra. In any petition for a change in custody or visitation rights the petitioner has the burden of proving a change in circumstances since the original order. *Commonwealth ex rel. Ackerman v. Ackerman*, 204 Pa. Superior Ct.

403, 205 A. 2d 49 (1964). Proper respect for these principles by litigants will result in a minimum of court shopping and multiple petitions.

Since the petition of the mother-appellee alleged that there has been a change in circumstances, that the domicile of the appellee now is in Philadelphia County, that she was awarded custody of the children and that they are residing with her, we conclude that the Court of Common Pleas of Philadelphia County had jurisdiction of this case.

Order affirmed.

---

DISSENTING OPINION BY WATKINS, J.:

I dissent. The facts are set forth in the majority opinion, but it is important for the discussion of the issue in this case to highlight the procedure.

The Court of Common Pleas of Bucks County had original jurisdiction of the subject matter and all of the parties when the original order of custody and visitation was made.

The appellant husband had instituted an action in equity on November 6, 1967, pursuant to the Marriage Act of June 26, 1895, P. L. 316, §2, 48 P.S. §92, seeking legal custody of the four children. The appellee wife then filed in the same court her Petition for Writ of Habeas Corpus and the actions were consolidated.

Five extensive hearings were held covering 771 pages of testimony so that the court had the full opportunity of seeing and hearing all the parties and witnesses involved. The Bucks County Court entered an Order awarding the three children to the appellant father and the youngest daughter to the appellee mother with visitation rights.

On appeal to this Court, the Order was reversed and three of the children were awarded to the appellee mother and one child to the appellant father with the same

visitation rights as contained in the Bucks County Order.

It is presently alleged that the appellee mother and the children awarded to her have removed from Bucks County to Philadelphia County; the appellant father and the child awarded to him continue to live in the family home in Bucks County.

The Bucks County Court, on Petition of the father appellant, fixed June 24, 1969, for a hearing on his Petition for increased visitation rights.

The appellee mother, after receipt of the notice of this action by the appellant father, instituted an action in the Court of Common Pleas of Philadelphia seeking reduction in visitation rights and fixed the date for hearing four days before the date fixed by the Bucks County Court. If ever there was an apparent case of court shopping, this is it.

The issue in this case is whether the court of original jurisdiction whose order is in issue has lost jurisdiction of the parties.

The out-of-state cases are no help in solving the problem. Cases like *Commonwealth ex rel. Graham v. Graham*, 367 Pa. 553, 80 A. 2d 829 (1951), are based on the proposition that the full faith and credit clause of the United States Constitution is not applicable where there has been a change of jurisdiction and a change of circumstances in temporary orders of custody. In *Irizarry Appeal*, 195 Pa. Superior Ct. 104, 169 A. 2d 307 (1961). The question raised in this case by the preliminary objections is whether full faith and credit must be given to an order of the Court of Common Pleas of Bucks County where that court had original jurisdiction of the subject matter and all the parties or if changing residence by one or some of the parties to Philadelphia County gives jurisdiction to the Court of Common Pleas of Philadelphia County, a court of

equal jurisdiction, and the power to ignore the existence of the original order.

I agree with the appellant that if this procedure is affirmed the stability of court orders will be destroyed with courts of equal jurisdiction willy-nilly changing each other's orders. It will result in a multiplicity of orders and confusion and chaos in enforcement.

The only way Philadelphia acquires jurisdiction in this case is if the change of residence of the mother and her three children provides it. I agree with the Majority that the jurisdiction in a proceeding involving custody is determined by the domicile or residence of the child. *Commonwealth ex rel. Camp v. Camp,* 150 Pa. Superior Ct. 649, 29 A. 2d 363 (1942). It has also been decided that orders determining the custody of children and visitation orders are temporary in nature and always subject to modification to meet changed conditions *so long as the court has jurisdiction.* (Emphasis by the writer). *Commonwealth ex rel. Dinsmore v. Dinsmore,* 198 Pa. Superior Ct. 480, 485, 182 A. 2d 66 (1962).

The issue here is whether Bucks County has lost jurisdiction. I do not believe so. The Majority relies heavily on *Commonwealth ex rel. Freed v. Freed,* 172 Pa. Superior Ct. 276, 93 A. 2d 863 (1953). In that case, Judge HIRT, speaking for this Court, said at Page 280: "While the court had the authority to make the original order, it lost its jurisdiction to modify or make a new order when both parents left Washington County and the child lived with her mother in Bedford County." That is not the instant case. In this case, the father and the child awarded to him remain in the family home so that Bucks County, even under the reasoning of *Commonwealth ex rel. Freed v. Freed,* supra, did not lose jurisdiction.

I agree, too, with the Majority that the welfare of the children is paramount in all custody cases, but I

cannot understand how that can possibly be in issue in the determination whether visitation rights are to be decided by the court of original jurisdiction as the result of extensive hearings or by a court that claims to have acquired jurisdiction by change of residence when the courts involved are only several miles apart.

This is especially true when the record indicates that the change of residence was known at the time of the original hearings so there could not possibly be a change of circumstances based on residence.

WRIGHT, P. J., and JACOBS, J., join in this dissent.