Commonwealth ex rel. Rosequist, Appellant, *v.* Rosequist.

Submitted April 14, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*R. Stanton Wettick, Jr.,* for appellant.

*Gerald A. McNelis, Jr.,* for appellee.

OPINION BY MONTGOMERY, J., June 11, 1970:

This is an appeal by Marilyn A. Rosequist, a resident of Allegheny County, from an order of the Court of Common Pleas of Erie County (Criminal Division), which granted Kenneth C. Rosequist, husband-appellee, a resident of Erie County, visitation rights with his five minor children, who are in the custody of the wife-appellant. The order dated October 30, 1969, stated that the appellee ". . . shall have visitation rights with said children in his home, 3745 West Lake Road, Erie County, Pennsylvania, the last weekend of each month,"

and "shall, in addition have the children for a two-week period during July or August of their Summer vacation."

The parties originally lived in Erie County but were separated sometime before August 26, 1965, when the appellant, having moved with the children to Allegheny County, had the appellee arrested in Erie County for nonsupport under the Act of 1939, June 24, P. L. 872, §733, as amended, 18 P.S. §4733. A consent order was entered in Erie County on October 6, 1965, providing $35 weekly support of the children and "Visitation for Defendant on alternate Saturday and Sundays. Children may be taken away from home 3 weeks in the summer one-half day at Christmas." The visitation rights were altered by orders entered on December 5, 1966, restricting appellee's visits to "no more than four (4) visits per year" and on June 6, 1967, increasing the visits to alternate Saturdays and Sundays but only in Allegheny County. The lower court's jurisdiction to enter visitation orders, including the one now appealed from, was assumed under the third paragraph of the desertion and nonsupport Act, supra, which states, "The court, after hearing as provided in this section, may also determine and make orders with respect to the right of parents to visit their children."

The parties are not disputing the amount of the nonsupport order. Furthermore, it is well settled that Allegheny County has jurisdiction over the *custody* of the children. *Commonwealth ex rel. Hickey v. Hickey*, 216 Pa. Superior Ct. 332, 264 A. 2d 420 (1970). The mother previously, on May 29, 1969, had been awarded custody of the children in a habeas corpus proceeding in the Allegheny County Court, which the father unsuccessfully sought to prevent for lack of jurisdiction but from which order no appeal was taken. The Allegheny County Court did not grant visitation rights to the father as part of that order.

Appellant, citing *Commonwealth ex rel. Freed v. Freed,* 172 Pa. Superior Ct. 276, 93 A. 2d 863 (1953), which we followed in our decision in *Commonwealth ex rel. Hickey v. Hickey,* supra, contends that the Erie County court is without jurisdiction to enter the present visitation order for the reason that it grants possession or partial custody of the children to the father for periods of time, which should be decreed only by the Allegheny County courts, which have exclusive jurisdiction over custody of the children. Appellant also contends that the desertion and nonsupport statute grants jurisdiction of the Erie County court only over visitations or the "right to visit," which, distinguished from custody, means only the right of a parent to visit a child at a certain time for a specified period at the child's domicile. Therefore, the construction of the desertion and nonsupport statute, i.e., specifically the meaning of the words, "the right of parents to visit their children," is the issue before us on this appeal.

The words visit or visitation privileges in custody cases have not been specifically defined in statutes or any court opinions of this Commonwealth that have been brought to our attention. In *Commonwealth ex rel. Doyle v. Doyle,* 58 Berks 28 (1965), Judge BERTOLET, holding that this section of the desertion and nonsupport act could not be used to obtain the jurisdiction of the court over custody matters, stated, at page 29, "The words 'visit' and 'visitation' have seldom been construed to mean 'custody' when referring to who shall have the right to the possession of the child"; but he was not required to decide whether these terms included temporary possession or partial custody. These terms have been used to refer both to where the visiting parent does not take possession of the child, *Leonard v. Leonard,* 173 Pa. Superior Ct. 424, 98 A. 2d 638 (1953) (The father was granted the right to visit, apparently in the mother's home, two daughters in the

custody of the mother); and *Commonwealth ex rel. Heston v. Heston,* 173 Pa. Superior Ct. 260, 98 A. 2d 477 (1953) (The father was denied the right to visit his child in the court nursery); and to where the visiting parent does take possession of the child. *Gwiszcz Appeal,* 206 Pa. Superior Ct. 397, 213 A. 2d 155, 15 A.L.R. 3d 880 (1965) (The mother, who had custody of the child, was ordered not to be present during visitation of putative father); *Commonwealth ex rel. Lotz v. Lotz,* 188 Pa. Superior Ct. 241, 146 A. 2d 362 (1958), affirmed 396 Pa. 287, 152 A. 2d 663 (1959) (The court ordered the mother, who had custody, to deliver the child to the father for visitation); and *Commonwealth ex rel. Fortunes v. Manos,* 140 Pa. Superior Ct. 352, 13 A. 2d 886 (1940) (The child, who was in the father's custody but residing in an educational institution, was ordered to be delivered to the mother for visits outside school grounds). However, in all of the cases that we have reviewed the lower court's complete jurisdiction over the subject matter of the custody of the child was not in issue. Although we have not had an occasion to define these terms previously, we have distinguished among the concepts of custody, partial or divided custody, and visit or visitation. In *Commonwealth ex rel. English v. English,* 194 Pa. Superior Ct. 25, 166 A. 2d 92 (1960), we reviewed an order in a habeas corpus case which gave the father "visitation privileges or temporary custody" of his three children every weekend. President Judge RHODES stated, at page 28, A. 2d 93, "While the father is undoubtedly entitled to rights of visitation, the welfare of the children plainly is not served where custody is substantially divided, under the circumstances, between two incompatible parents.

"Also, in the present case, the father's weekly partial custody creates serious problems, bearing on the welfare of the children."

It is our conclusion, therefore, that, although the distinction among custody, partial or divided custody, and visit or visitation has become recognized in the law of custody in Pennsylvania, the words, "visit," "visitation," and "the right of parents to visit their children," have not "acquired a peculiar and appropriate meaning" and, therefore, are to be construed "according to their common and approved usage," in our interpretation of the language used in this desertion and nonsupport act. Statutory Construction Act, Act of May 28, 1937, P. L. 1019, art. III, §33, 46 P.S. §533. "Visit" commonly means the act of visiting a person or thing, the word being derived from the Latin, *visitare,* from *visere,* meaning to go to see. Webster's New International Dictionary of the English Language, Second Edition (1952).

Applying the common meaning of the term visit to the subject section of the desertion and nonsupport statute, we find that it means the right of the parent to go to see the child wherever he might be and does not include the right of the parent to take possession of the child.[1] Such interpretation gives to the statute the reasonable construction required under the Statutory Construction Act, supra, art. IV, §52, 46 P.S. §552(1). Thus the court having jurisdiction of the desertion and nonsupport case also has jurisdiction to make orders concerning the rights between the father and the custodian of the child concerning reasonable visiting hours. But that court's jurisdiction cannot be exercised so as to conflict with the jurisdiction of the court of the child's domicile over his general health and welfare, which are exclusively its concern in the

---

[1] See *Heard v. Bell*, Tex. Civ. App., 434 S.W. 2d 222, 224 (1968), where the court stated, ". . . unless definitely specified in the court's finding, visitation means that one parent may visit children who are in the custody of the other parent. To hold otherwise is, in our opinion, providing split custody."

determination of custody, partial or divided custody, and even visitation rights where the health and welfare of the child are at issue.

Since the lower court in this case ordered that possession or partial custody of the children be granted to the father, we find that its action was erroneous and, therefore, the order must be vacated.

Order vacated, without prejudice to appellee to apply to the Erie County Court for visitation privileges consistent with this opinion.