378 A.2d 333

**COMMONWEALTH ex rel. Jennifer LAWS by David E. Laws**

**v.**

**Jerrilyn LAWS, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 16, 1976.

Decided Oct. 6, 1977.

356

Sheryl Dicker, Philadelphia, with her Charles C. Shainberg, Philadelphia, for appellant.

No appearance entered nor brief submitted for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

WATKINS, President Judge:

This is an appeal from an order of the Court of Common Pleas of Bucks County by the mother-appellant, Jerrilyn K. Laws, awarding custody of an infant child, Jennifer Laws, to the father-appellee, David E. Laws.

The facts are as follows: The parties were married on April 6, 1972, in Philadelphia and lived together as husband and wife until the summer of 1975. There was one child, Jennifer, of the marriage, born March 15, 1975. This Court granted a supersedeas pending the outcome of this appeal on petition of the appellant.

On March 1, 1976, the appellee filed a Petition for a Writ of Habeas Corpus for the custody of the infant Jennifer with the Court of Common Pleas of Bucks County. As indicated in the caption of the petition and in the record, on March 1, 1976 and at all times relevant to this case, the infant resided with her mother in Philadelphia.

On March 10 or 11, 1976, the record is unclear as to the exact date, the mother came to the father's house to pick up clothing belonging to her and her daughter. Three police officers arrived at the house and at the father's instruction served the Writ on the mother.

On April 6, 1976, a hearing was held on the petition before Judge Monroe in Bucks County. Present at the hearing were the husband-appellee, Officer Traenkle and Jill Sweeney, the appellant's sister. The appellant was not present or represented. At this ex parte hearing, the court directed the officer to make a return of the service on the appellant. The officer had not been deputized by the Sheriff of Bucks County.

The Writ of Habeas Corpus is a recognized method of obtaining custody of minor children. This Court has strictly and consistently construed the habeas corpus statute to require that before a court of a particular county has the power to determine a writ in a child custody case, it must

appear that the child is restrained or confined in that county. *Commonwealth ex rel. Blank v. Rutledge*, 234 Pa. Super. 339, 339 A.2d 71, 74 (1975);[1] *Reilly v. Reilly*, 219 Pa.Super. 85, 280 A.2d 639, 642 (1971).

More generally, this Court has consistently held that only the county in which the child resides or is domiciled has jurisdiction to award custody. *Commonwealth ex rel. Rosequist v. Rosequist*, 216 Pa.Super. 388, 268 A.2d 140 (1970); *Commonwealth ex rel. Hickey v. Hickey*, 216 Pa.Super. 332, 264 A.2d 420 (1970); *Commonwealth ex rel. Freed v. Freed*, 172 Pa.Super. 276, 93 A.2d 863, 964 (1953).

■ The domicile or the residence of minor children, of course, is that of the parent having custody. *In re: Irizarry*, 195 Pa.Super. 104, 169 A.2d 307, 309 (1961), cert. denied, 368 U.S. 928, 82 S.Ct. 863, 7 L.Ed.2d 191 (1961); *Commonwealth ex rel. Mason v. Mason*, 213 Pa.Super. 433, 249 A.2d 922 (1968); *Coombs v. Coombs*, 58 D. & C. 698 (1972), affirmed 225 Pa.Super. 304, 303 A.2d 498 (1973).

■ We do not have to consider the question of invalid service which is also raised or the merit of contesting parties for custody as the court below was without jurisdiction to award such custody.

The custody order of the court below is reversed and the status quo as to custody to remain until the merits are before a proper court.

---

1. A comparison of the lead opinion (Price, J.) with the concurring and dissenting opinion (Spaeth, J.) in *Rutledge* reveals a split as to the time—whether of filing or hearing—the child must be within the district. The child here was not present or confined in Bucks County at either the time of filing or time of hearing on Appellee's petition.