J-S88002-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | | |
|---|---|---|---|
| A.F., | : | IN THE SUPERIOR COURT OF | |
| | : | PENNSYLVANIA | |
| Appellant | : | | |
| | : | | |
| v. | : | | |
| | : | | |
| J.F., | : | | |
| | : | | |
| Appellee | : | No. 2500 EDA 2016 | |

Appeal from the Order Entered July 25, 2016
in the Court of Common Pleas of Northampton County
Domestic Relations at No(s): C-0048-CV-2012-11928

BEFORE:    OLSON, RANSOM, and STRASSBURGER,* JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J.:

**FILED DECEMBER 28, 2016**

The Majority has concluded that the trial court erred "in limiting the testimony Mother could present at the evidentiary hearing[,]" thereby hindering her ability to establish changes in circumstances to warrant modification of the prior custody order. Majority Memorandum at 5, 9. Thus, the Majority has determined to vacate the trial court's order denying Mother's request for relocation and remands for a new, complete evidentiary hearing in accordance with 23 Pa.C.S. § 5337(g)(1). Majority Memorandum at 9-10. Because I would hold that no error occurred and no hearing is warranted, I respectfully dissent.

In its 1925 opinion, the trial court noted that it did consider each of the changes cited by Mother that had arisen since the initial denial of her

*Retired Senior Judge assigned to the Superior Court.

relocation petition almost exactly a year prior. Specifically, the trial court stated that it had inquired with "counsel for Mother concerning what circumstances have changed since June of 2015" when a prior hearing was held and an opinion was issued denying Mother's request. Trial Court Opinion, 7/25/2016, at 5. After Mother's counsel provided the court with four changes, the trial court "found that only one of Mother's stated changes in circumstances constituted a legitimate change in circumstances – [P.F's] change in educational status."[1] *Id.* Nonetheless, the trial court allowed Mother to make an unrestricted offer of proof, including entering exhibits, as to all the alleged changes.

Based upon this record, I would hold that the trial court **did** consider all of the changes set forth by Mother, and held a hearing on the issue that could conceivably have warranted modification. The fact that the trial court rejected most of Mother's claims as insignificant or not an actual change of the status quo, does not constitute *per se* error. There is no reason for a

---

[1] As to the remainder of changes cited by Mother, the trial court found that: (1) the possibility of Mother's parents moving closer to Sayre, Pennsylvania, the area to which Mother sought to relocate, did not constitute a change in circumstances since "Mother revealed that Mother's parents had no solid plans to move" and only cited an anticipated relocation date; (2) Mother's purchase of a home in Sayre did not constitute a meaningful change, especially since Mother had bought the home and relocated to Sayre after the trial court's initial denial of her relocation request; and (3) Mother's willingness to come forth with evidence that she failed to present at the prior hearing, "even though such information was readily available and known to Mother at the time of the first hearing," was not a changed circumstance. Trial Court Opinion, 7/25/2016, at 5-6.

trial court to hear testimony on circumstances that, if proven true, would not warrant modification. **See Commonwealth ex rel. Hickey v. Hickey**, 264 A.2d 420, 422 (Pa. Super. 1970) ("In any petition for a change in custody or visitation rights the petitioner has the burden of proving a change in circumstances since the original order."). Judicial resources should not be wasted on exercises in futility.

Furthermore, by permitting Mother to make an offer of proof regarding the additional "changes" it rejected, the trial court properly made a record to allow this Court to consider the correctness of its determinations regarding the lack of significance of those purported changes. Upon this record, I would affirm the trial court's rulings.

Thus, I find no error in the trial court's decision to limit the hearing, and I would not remand this case for a new hearing.